UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIL VALENZUELA,<br><br>    Plaintiff<br><br>V.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, BOSTON UNIVERSITY GROUP DISABILITY INCOME PLAN AND BOSTON UNIVERSITY,<br><br>    Defendants | CIVIL ACTION NO. 13-13163 |

**COMPLAINT**

**INTRODUCTION**

This is an ERISA claim to recover welfare-benefits, and pension-benefit contributions against the defendants after the defendants unlawfully refused to pay benefit payments under the Boston University Long Term Disability Plan.  Plaintiff files this action to: (1) recover long-term disability ("LTD") benefits due him under the Boston University LTD Plan; (2) recover retirement benefits contributions due to him as a result of receiving benefits under the Boston University LTD Plan; (3) recover employee welfare benefits, including health, life and dental insurance benefits, due to him as a disabled employee of Boston University; (4) enforce rights under the welfare-benefit plans and pension plan; (5) clarify rights under the terms of the welfare-benefit plans and pension plan; and ( 6) recover interest, costs and attorneys' fees as provided for by ERISA.

## PARTIES

1.    Plaintiff is Gil Valenzuela ("Valenzuela") an individual residing at Brookline,

       Norfolk County, Massachusetts.

2.    Defendant is Liberty Life Assurance Company of Boston ("Liberty"), an insurance

       company existing under the laws of the Commonwealth of Massachusetts and having a

       statutory home office at 175 Berkeley Street, Boston, Suffolk County, Massachusetts.

3.    Defendant is Boston University an educational institution incorporated by

       Chapter 322 of the Acts of 1869 having its principal place of business in One

       Silber Way, Boston, Suffolk County, Massachusetts.

4.    Defendant is Boston University Long-Term-Disability-Plan ("LTD Plan")

       having a place of business at Boston University, 25 Buck Street, Boston, Suffolk

       County, Massachusetts.

## JURISDICTION AND VENUE

5.    This Court has original jurisdiction for claims for benefits arising under 29 U.S.C. §

       1132.

6.    Venue is proper before this Court, because all parties are located in the eastern

       division of this Judicial District.

## FACTS COMMON TO ALL COUNT

7.      As part of his compensation as an employee of Boston University, Valenzuela

        was a beneficiary and participant under the LTD Plan that is administered by

        Liberty.

8.      Boston University pays the benefits under the welfare-benefit plans and the

        pension-benefit plan of which Valenzuela is a beneficiary.   Boston University is

        ultimately responsible for paying benefits under the LTD Plan and pension

        benefits under the terms of that particular plan,  and for providing its disabled

        employees with ongoing employee welfare benefits under their respective plans.

9.      When Valenzuela first sought benefits he was in excess of 60 years of age.

10.     The LTD Plan is an "employee welfare benefit plan," as defined by ERISA,

        29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C.

        § 1132(d) (1).

11.     Valenzuela is a "participant" in the LTD Plan, and the other plans under which

        he seeks relief, all as defined by ERISA, 29 U.S.C. § 1002(7).

12.     At all times material hereto, and since the date that Valenzuela first sought long term

        disability benefits, he has been disabled as defined under the terms of the LTD Plan.

13.     As part of the LTD Plan terms, Liberty required Valenzuela to apply for disability

        benefits under the Social Security Act.

14.     In conformity with the LTD Plan terms, Valenzuela applied for benefits under the

        Social Security Act ("SSA").

15.     Under the SSA, the term "disabled" means a person is incapable of engaging in "any

        substantial gainful activity" (42 U.S.C. § 423(d) (1) (A)); i.e., the person is entirely

        precluded from working on a regular basis.

16.     The burden is arduous that a person must overcome in order to prove an inability to

        engage in "any substantial gainful activity." 42 U.S.C. § 423(d) (1) (A) (definition of

        "disabled" under Social Security disability program).

17.     The LTD Plan provides benefits to individuals who are disabled. The Plan

        provision defining disability is as follows:

        "Disability" or "Disabled" means:
        1.     For persons other than pilots, co-pilots, and crew of an aircraft:

               a. i.   if the Covered Person is eligible for the 24 Month Own
                       Occupation Benefit, "Disability" or "Disabled" means during
                       the Elimination Period and the next 24 months of Disability
                       the Covered Person as a result of Injury or Sickness is unable
                       to perform the Material and substantial duties of his Own
                       Occupation;

18.     "Own Occupation" means:

        the Covered Person's occupation that he was performing when his
        Disability or Partial Disability began. For the purposes of determining
        Disability under this plan, Liberty, on behalf of the Sponsor, will
        consider the Covered Person's occupation as it is normally performed
        in the national economy.

19.     "Material and Substantial Duties" is defined as "responsibilities that are

        normally required to perform the Covered Person's Own Occupation, or any

        other occupation, and cannot be reasonably eliminated or modified."

20.  The LTD Plan does not provide Liberty or Boston University with independent and final discretion to interpret the terms of the LT Plan and to evaluate LTD Plan participants' eligibility for benefits.

21.  After Liberty denied plaintiff's request for benefits, plaintiff appealed that denial.

22.  On December 14, 2012, Liberty upheld its decision to deny Valenzuela's LTD claim on the basis of a paper review rather than having Valenzuela undergo a medical or vocational examination.

23.  Valenzuela has exhausted his administrative remedies pursuant to 29 C.F.R. 2560.503-1(1).

24.  Liberty has a history of unfairly denying meritorious claims,  and Liberty has placed its own financial interest above its duties as an ERISA fiduciary.

## Count I

### Benefits Due to Valenzuela

### ERISA, 29 U.S.C.§ 1132(a)(1)(B)

25.  Valenzuela realleges paragraphs 1 through 24 and incorporates the same by reference as if fully set forth herein again.

26.  This Court must conduct a plenary proceeding in evaluating Defendants' adverse-benefit decision.

27.  The decision to deny LTD Benefits, and other benefits was not supported by substantial evidence was wrongful and not in compliance with applicable laws.

28.     Having required Valenzuela to apply for disability benefits under the Social

Security Act, Defendants should be estopped to deny that Valenzuela is eligible

for benefits under the LTD Plan, and should not have the advantage of this

provision in the future because of its unclean hands.

29.     Valenzuela was awarded Social Security Disability Income benefits under the

strict standards of the Social Security Act.

30.     As a result of Defendants' refusal and failure to pay to Valenzuela disability

benefits provided to him and to those participants who are totally disabled,

Valenzuela is entitled to relief against Defendants to recover welfare-benefits due

to him under the terms of the LTD Plan, and to recover pension-benefit

contributions due to him,  and to enforce his rights to welfare-benefits, and to

clarify his rights to future benefits under the LTD Plan pursuant to 29 U.S.C. §

1132 (a)(1)(B).

31.     If this Court orders retroactive reinstatement of benefits, this Court may enter

appropriate relief precluding Defendants from utilizing "off sets" against

benefits payable to Valenzuela, because Defendants materially breached the LTD

Plan terms and have unclean hands.

## Count II

### Award of Attorneys' Fees and Costs

32.    Valenzuela realleges paragraphs 1 through 31 and incorporates the same by

reference as if fully set forth herein again.

33.    As Defendants unlawfully refused to pay welfare-benefits and to make pension-

benefits to him, and has caused Valenzuela  to incur attorneys' fees and costs,

and will cause him to incur additional fees and costs, as such Valenzuela is

entitled to recover under 29 U.S.C. § 1132 (g), costs of this litigation, including

reasonable attorneys' fees, costs and interest at the state statutory rate on all back

due benefits.

WHEREFORE, plaintiff demands relief and judgment against the

Defendants, jointly and severally, as follows:

A.  Equitable relief declaring the rights and duties of the plaintiff and defendants

with respect to past benefits owed to the plaintiff, and future benefits to be paid, or

credited to the plaintiff.

B.  Equitable relief precluding the defendants from using "off sets" in determining

retroactive benefits owed to the plaintiff, or in the future because Liberty and the LTD

Plan  refused to recognize the decision of the United States Social Security

Administration.

C. Attorneys' fees, costs and interest permitted under ERISA.

D. For such other legal or equitable relief as this Court deems just and proper.

GIL VALENZUELA,

*/s/Jonathan M. Feigenbaum*

Jonathan M. Feigenbaum, Esq.
B.B.O. No.546686
184 High Street
Suite 503
Boston, MA 02110
Tel. No. : (617) 357-9700
jonathan@erisaattorneys.com